IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>vs.<br><br>ROEMELLO WEAVER,<br>       Defendant. | CASE NO: **4:20MJ3072**<br><br>**ORDER** |

    Defendant has moved to reconsider my order of detention entered on April 15, 2020. (Filing No. 18). On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

    There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison, and he used a gun in furtherance of this drug trafficking crime. The defendant has not rebutted this presumption.

    Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

    Specifically, the court finds there is substantial evidence to support the charges against the defendant, and those charges include the use of a firearm, and the defendant has a history of serious criminal activity and is a member of

the Bloods gang; uses an alias; violated conditions of release previously imposed by a court; has a history of harming or threatening harm to others; uses illegal drugs and mood-altering chemicals; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Under 18 U.S.C. § 3142(f), the magistrate judge may review detention only if "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the amelioration of the risks of nonappearance and safety. Motions for review of detention must specify the factual basis for the motion, the materiality of the facts to the issues, and that the information was not known previously. Defendant's pending motion to reconsider raises no facts that were not previously submitted at the prior detention hearing.

Accordingly,

1) The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

2) Defendant's motion to reconsider detention, (Filing No. 18), is denied.

April 27, 2020.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge